IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACKBIRD TECH, LLC d/b/a
BLACKBIRD TECHNOLOGIES,

    Plaintiff,

v.

LULULEMON ATHLETICA, INC.,

    Defendant.

Civil Action No. 1:15-cv-930-RGA

## MEMORANDUM OPINION

Stamatios Stamoulis, Esq., STAMOULIS & WEINBLATT LLC, Wilmington, DE; Richard C. Weinblatt, Esq., STAMOULIS & WEINBLATT LLC, Wilmington, DE; Wendy Verlander, Esq., BLACKBIRD TECHNOLOGIES, Boston, MA; Christopher Freeman, Esq. (argued), BLACKBIRD TECHNOLOGIES, Boston, MA.

    Attorneys for Plaintiff

Denise S. Kraft, Esq., DLA PIPER LLP (US), Wilmington, DE; Brian A. Biggs, Esq., DLA PIPER LLP (US), Wilmington, DE; John M. Guaragna, Esq., DLA PIPER LLP (US), Austin, TX; Aaron G. Fountain, Esq. (argued), DLA PIPER LLP (US), Austin, TX.

    Attorneys for Defendant

March 10, 2017

*[signature]*
**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is the issue of claim construction of a single term in U.S. Patent No. 7,867,058 ("the '058 patent"). The Court has considered the Parties' Joint Claim Construction Brief. (D.I. 41). The Court heard oral argument on March 8, 2017.

## I. BACKGROUND

Plaintiff filed suit against Defendant on October 14, 2015, alleging infringement of the '058 patent. (D.I. 1). The '058 patent claims a sports bra with an integrated storage pouch formed between plies of material that are laminated together. ('058 patent, claim 1).

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324) (alteration in original). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks omitted).

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [Which is] the meaning that the term would have to a person of ordinary skill in the art in

question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312–13 (citations and internal quotation marks omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317–19 (internal quotation marks omitted). Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

"A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude the inventor's device is rarely the correct interpretation." *Osram GMBH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (citation and internal quotation marks omitted).

2

### III. CONSTRUCTION OF DISPUTED TERMS

The '058 patent is directed to a sports bra with an integrated pocket. The only disputed term appears in claim 1, which reads as follows:

> 1. A sports bra capable of holding an object between the breasts of a user, said bra comprising:
> a pair of cups, said cups joined by a cleavage portion said cleavage portion being disposed between a proximate edge of each of said pair of cups said cleavage portion having a height and width, a back strap portion disposed between a distal edge of each of said pair of cups, a pair of shoulder straps disposed between said pair of cups and said back portion, said bra being constructed of first and second ply *laminated* material having substantially universal elasticity; and
> a top opening formed between first and second-plies of said *laminated* material wherein said top opening allows communication between an interior portion of said sports bra formed between said first and second plies and an exterior, said top opening being disposed within the cleavage portion of cleavage portion [sic] and an exterior, said top opening having a length, an integral pouch being formed within said interior portion of said sports bra between said first and second plies being formed by first and second edges, said first and second edges and said integral pouch being formed within said cleavage portion and said first and second edges being spaced apart from one another having a distance therebetween, said integral pouch having an interior pouch portion formed by said top opening and said first and second edges within said first and second plies within which an object may be stored.

('058 patent, claim 1) (disputed term italicized).

1. "laminated"

   a. *Plaintiff's proposed construction*: "sewn or otherwise united"

   b. *Defendant's proposed construction*: "joined by means of heat or adhesive bonding"

   c. *Court's construction*: "joined by means of heat or adhesive bonding"

Plaintiff does not dispute that Defendant's proposed construction comports with the plain and ordinary meaning of this term to a person of ordinary skill in the art; rather, Plaintiff asserts that the specification "supplies the correct meaning for 'laminated.'" (D.I. 41 at 36). According to Plaintiff, the specification makes clear "that the inventor intended for 'laminated' to mean 'sewn

3

or otherwise united.'" (*Id.* at 37). Defendant counters that "'laminated' is a term of art with a well-accepted meaning in the fields of fashion design or textile science." (*Id.* at 25). Defendant argues that Plaintiff's construction is unreasonably broad and that there is no evidence of lexicography by the patentee. (*Id.*).

I agree with Defendant that Plaintiff's proposed construction is unreasonably broad. To construe this term to include the phrase "otherwise united" would bring every possible method of uniting two plies of fabric within the scope of this claim. I find no support for such a broad construction in the intrinsic record.

The only remaining dispute is whether the patentee has given "laminated" a meaning other than its plain and ordinary meaning such that sewing is a form of laminating in the context of this patent. Again, I agree with Defendant. It seems clear to me, and Plaintiff does not dispute, that "laminated" is a term of art that is not generally understood to encompass sewing. It is true that a patentee is free to define a claim term to have a meaning "contrary to the conventional meaning of the term." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 493 F.3d 1358, 1361 (Fed. Cir. 2007). The definition need not be explicit, but the patent must "clearly communicate[] the meaning the patentees have assigned to the term." *Id.* at 1362. In order for me to depart from that plain and ordinary meaning, then, I would need to find a clear indication in the specification that the patentee intended for sewing to be a form of laminating.

Plaintiff relies primarily on the following sentence from the specification: "Typically the sports bra will be constructed of two or more plies of material sewn or otherwise laminated together to provide sufficient tensile strength." ('058 patent at 2:49-51). Plaintiff argues that this sentence makes clear "that material that was sewn is laminated." (D.I. 41 at 22). I disagree. While the ordinary usage of the word "otherwise" in the phrase "x or otherwise y" is to indicate that the first

4

term is a subset of the second term, this single usage is insufficient to constitute a definition of the term laminated. This is the only sentence in the specification that refers to sewing the plies together; other references to joining the plies call for them to be laminated together. (*See* '058 patent at Abstract, 1:44, 1:61, 1:64, 2:52). The specification further calls for the integrated storage pouch to be formed by sewing in every instance. (*See Id.* at Abstract, 1:47-48, 2:58, 2:65). Claim 1 of the '058 patent, however, calls for the plies to be "laminated" and the edges of the pouch to be "formed." It seems to me that the patentee chose to claim the joining of the plies to form the pouch in a different way, and more broadly, than joining the plies to form the bra.

Defendant also cites the prosecution history as support for its argument that the patentee understood "laminated" to be distinct from "sewn." (D.I. 41 at 28). I agree with Defendant that the prosecution history shows that the examiner understood laminating and sewing to be distinct alternative techniques for joining plies of material together. (*See* D.I. 40 at 54 ("substitution of lamination for stitching is well known in the brassiere art"; "adhere the layers together by lamination instead of stitching"; "well known to utilize lamination bonding instead of stitching"; "applicant concedes that the layers can be sewn together instead of laminated and such sewing and lamination are well known to be interchangeable"; "No critically [sic] was given in the applicant's specification as to the specific need for the lamination over the sewing together of the layers")). These statements by the examiner provide support for the argument that a person of skill in the art would not consider laminating to encompass sewing and further indicate that the applicant was at least aware that the examiner viewed the two techniques as distinct. I do not think this rises to the level of disclaimer, however, because the applicant chose not to respond directly to these statements in traversing the rejection. On the other hand, there is nothing in the prosecution history to support Plaintiff's argument that the patentee made clear that sewing is a form of laminating.

5

Having found no support in the intrinsic evidence that the patentee re-defined the term laminated to have something other than its conventional meaning, I will adopt Defendant's proposed construction.

Defendant has also filed, and the parties have briefed, a motion for summary judgment. Plaintiff asserts that it has not had a sufficient opportunity to marshal evidence in opposition to the summary judgment motion. *See* Fed. R. Civ. P. 56(d). Giving Plaintiff the benefit of the doubt, I will hold the motion for summary judgment while Plaintiff's expert conducts any necessary analysis. Plaintiff's expert's declaration is due in forty-five days. The parties should meet and confer about the need for any further submissions in connection with the filing of Plaintiff's expert's declaration.

## IV.   CONCLUSION

Within five days the parties shall submit a proposed claim construction order consistent with this Memorandum Opinion suitable for submission to the jury. The motion for summary judgment will be held in abeyance.