IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACKBIRD TECH, LLC d/b/a
BLACKBIRD TECHNOLOGIES,

    Plaintiff,

v.

LULULEMON ATHLETICA, INC.,

    Defendant.

Civil Action No. 1:15-cv-930-RGA

MEMORANDUM OPINION

Stamatios Stamoulis, Esq., STAMOULIS & WEINBLATT LLC, Wilmington, DE; Richard C. Weinblatt, Esq., STAMOULIS & WEINBLATT LLC, Wilmington, DE; Wendy Verlander, Esq., BLACKBIRD TECHNOLOGIES, Boston, MA; Christopher Freeman, Esq. (argued), BLACKBIRD TECHNOLOGIES, Boston, MA.

    Attorneys for Plaintiff

Denise S. Kraft, Esq., DLA PIPER LLP (US), Wilmington, DE; Brian A. Biggs, Esq., DLA PIPER LLP (US), Wilmington, DE; John M. Guaragna, Esq., DLA PIPER LLP (US), Austin, TX; Aaron G. Fountain, Esq. (argued), DLA PIPER LLP (US), Austin, TX.

    Attorneys for Defendant

June 14, 2017

**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is Defendant's Motion for Summary Judgment of Non-Infringement (D.I. 41 at 58) and related briefing (*Id.* at 58-71; D.I. 48, 50). The Court heard oral argument on March 8, 2017.

## I. BACKGROUND

Plaintiff filed suit against Defendant on October 14, 2015, alleging infringement of U.S. Patent No. 7,867,058 ("the '058 patent"). (D.I. 1). The '058 patent claims a sports bra with an integrated storage pouch formed between plies of material that are laminated together. ('058 patent, claim 1). The present dispute relates to claim 1 and the scope of the term "laminated." Claim 1 reads as follows:

> 1. A sports bra capable of holding an object between the breasts of a user, said bra comprising:
> a pair of cups, said cups joined by a cleavage portion said cleavage portion being disposed between a proximate edge of each of said pair of cups said cleavage portion having a height and width, a back strap portion disposed between a distal edge of each of said pair of cups, a pair of shoulder straps disposed between said pair of cups and said back portion, said bra being constructed of first and second ply laminated material having substantially universal elasticity; and
> a top opening formed between first and second-plies of said laminated material wherein said top opening allows communication between an interior portion of said sports bra formed between said first and second plies and an exterior, said top opening being disposed within the cleavage portion of cleavage portion [sic] and an exterior, said top opening having a length, an integral pouch being formed within said interior portion of said sports bra between said first and second plies being formed by first and second edges, said first and second edges and said integral pouch being formed within said cleavage portion and said first and second edges being spaced apart from one another having a distance therebetween, said integral pouch having an interior pouch portion formed by said top opening and said first and second edges within said first and second plies within which an object may be stored.

('058 patent, claim 1). I have construed the term "laminated" to mean "joined by means of heat or adhesive bonding." (D.I. 45 at 3).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 323.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could

2

return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Defendant contends "there is no dispute of material fact" that the accused products do not infringe under the Court's claim construction. (D.I. 41 at 58). Defendant argues, and Plaintiff does not contest, that there can be no literal infringement under the Court's construction. (*Id.* at 59-60, D.I. 48-1 at 9, ¶32). Plaintiff has submitted the declaration of its expert, Dr. Cynthia Istook, who opines that, although the accused products do not literally infringe the '058 patent under the Court's construction of laminated, the accused products do infringe under the doctrine of equivalents. (D.I. 48-1 at 9, 12). Specifically, Dr. Istook opines that "sewing and laminating are equivalent ways to attach plies of the garment." (D.I. 48-1 at 9, ¶34). Defendant responds that the dedication-disclosure rule prohibits Plaintiff from asserting infringement under the doctrine of equivalents. (D.I. 41 at 63).

The doctrine of equivalents may apply in an infringement suit where an element of the accused product does "not fall within the literal terms of the patent claim," but a person of ordinary skill in the art "would have known of the interchangeability of an ingredient not contained in the patent with one that was." *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 24-25 (1997). The doctrine of equivalents is "applied to individual elements of the claim, not to the invention as a whole." *Id.* at 29. The doctrine of equivalents is limited, however, by the dedication-disclosure rule, which prevents a patent holder from disclosing a broader invention than

3

is claimed and then "recaptur[ing] subject matter deliberately left unclaimed." *Johnston & Johnston Associates Inc. v. R.E. Service Co., Inc.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc).

The Federal Circuit has applied the dedication-disclosure rule to bar a patentee from asserting infringement under the doctrine of equivalents in situations very similar to the instant case. For example, in *Johnston*, the patent claimed "a sheet of aluminum" while the specification disclosed that aluminum was preferred, but "other metals, such as stainless steel or nickel alloys may be used." *Id.* at 1055. The Federal Circuit held that, "Having disclosed without claiming the steel substrates, Johnston cannot now invoke the doctrine of equivalents to extend its aluminum limitation to encompass steel." *Id.*

The disclosure need not be as specific as that in *Johnston* to rise to the level of dedication. In *PSC Computer Products*, for example, the patent claimed "a resilient metal strap" while the specification disclosed that "prior art devices use molded plastic and/or metal parts." *PSC Computer Products, Inc. v. Foxconn Intern., Inc.*, 355 F.3d 1353, 1360 (Fed. Cir. 2004). This was sufficient for the Federal Circuit to find that the patentee disclosed that plastic parts could be substituted for metal parts. *Id.* What is required, according to the Federal Circuit, is that, "The disclosure must be of such specificity that one of ordinary skill in the art could identify the subject matter that had been disclosed and not claimed." *Id.* Thus, plastic parts were disclosed and dedicated to the public. *Id.*

The disclosure in the instant case is much like that in *Johnston*. Claim 1 claims a sports bra "constructed of first and second ply laminated material." The specification states, "Typically the sports bra will be constructed of two or more plies of material sewn or otherwise laminated together to provide sufficient tensile strength." ('058 patent at 2:49-51). It seems to me that this

4

is sufficiently specific to rise to the level of dedication of a sports bra with "sewn" plies of fabric to the public.

Plaintiff argues the dedication-disclosure rule cannot apply here because "the specification discloses both sewing and laminating in the same embodiment, and the claims capture both." (D.I. 41 at 67). This argument fails, however, because the claim requires that the plies be laminated together while the pouch is "formed." ('058 patent, claim1). There is no mention of "sewing" anywhere in the claims. Even if the claims allow for the pouch to be formed by "sewing," this does not constitute claiming a sports bra in which the plies are "sewn" together. The laminated plies of material and the pouch are different limitations. That the patentee claimed one thing with respect to the pouch limitation, while claiming something different with respect to the plies limitation, only supports the conclusion that the disclosure of the unclaimed "sewing" of the plies constitutes dedication to the public.

I hold that the accused products do not literally infringe and that Plaintiff cannot invoke the doctrine of equivalents because a sports bra with plies joined by "sewing" is disclosed in the specification but not claimed. Therefore, there is no genuine issue of material fact on the issue of infringement and I will grant Defendant's motion for summary judgment.

## IV. CONCLUSION

For the reasons given above, Defendant's Motion for Summary Judgment of Non-Infringement is granted.

An appropriate order will be entered.

5